# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-567V
(Not to be published)

```
* * * * * * * * * * * * * * * * * * * * * * * *
MARGARET E. SPENCER,                          *
                                              *      Special Master Corcoran
                    Petitioner,               *
                                              *      Dated: March 11, 2019
v.                                            *
                                              *      Attorney's Fees and Costs;
                                              *      Expert Flat Rates.
SECRETARY OF HEALTH AND                       *
HUMAN SERVICES,                               *
                                              *
                    Respondent.               *
                                              *
* * * * * * * * * * * * * * * * * * * * * * * *
```

*D. Lee Burdette*, Burdette Law, PLLC, North Bend, WA, for Petitioner.

*Ryan D. Pyles*, U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On April 25, 2017, Margaret Spencer filed a petition seeking compensation under the National Vaccine Injury Compensation Program ("Vaccine Program").[2] ECF No. 1. Petitioner alleged that she had developed transverse myelitis as a result of the influenza vaccine she received on October 20, 2016. *Id.* at 1. After both parties filed expert reports, it became apparent that Petitioner would not be able to prevail on her claim, and the parties filed a Joint Stipulation of Dismissal on November 5, 2018. ECF No. 26. I issued an Order Concluding Proceedings the

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims' website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012)). **This means that the Decision will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its current form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

following day. ECF No. 27.

Petitioner did not make an application for interim fees, and now has filed a request for a final award of fees and costs. *See generally* Pet'r's Appl. for Fees and Costs, filed Feb. 7, 2019 (ECF No. 29) ("Fees App."). Petitioner requests a total sum of $27,310.72, reflecting $20,351.75 in attorney's fees, plus $6,958.97 in costs. *Id.* at 3. Petitioner specifically requests reimbursement for attorney work performed between December 2016 and January 2019, which includes the work performed to prepare the final fee application. *See* Fees App. Ex. 1 at 1–11, filed Feb. 7, 2019 (ECF No. 29-1). Respondent reacted to the motion, representing that the statutory and other legal requirements for an award of attorneys' fees and costs had been met, and otherwise deferring the calculation of a reasonable final award to my discretion. Response at 2–3, filed Feb. 13, 2019 (ECF No. 30).

## ANALYSIS

Even unsuccessful Vaccine Program petitioners are entitled by statute to an award of attorney's fees and costs, so long as their claims are brought in good faith and have a reasonable basis. Section 15(e)(1)(B). However, such awards must be "reasonable." *Id.* Special masters have wide discretion in determining what constitutes a reasonable award, and may reduce the requested amount even in the absence of objections from Respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (2009); *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).

### I.    Attorney's Fees Award

Determining the appropriate amount of an attorney's fees award is a two-step process. First, the special master employs the lodestar method to calculate a base award—that is, "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the special master may adjust this base award as he sees fit based on certain relevant factors. *Avera*, 515 F.3d. at 1348. This standard for calculating a fee award applies in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is more precisely understood to be the "prevailing market rate" in the relevant forum and in light of the attorney's experience. *Avera*, 515 F.3d at 1349; *Rodriguez v. Sec'y of Health & Human Servs.*, No. 06-559V, 2009 WL 2568468, at *2 (Fed. Cl. Spec. Mstr. July 27, 2009), *mot. for rev. denied*, 91 Fed. Cl. 453 (2010), *aff'd*, 632 F.3d 1381 (Fed. Cir. 2011).

By default, the relevant forum is that in which the court sits—Washington, D.C. for Vaccine Program cases. *Avera*, 515 F.3d at 1348. Attorneys who perform the majority of their work on a matter outside of the Program forum may still receive a similar rate if their geographic practice area is found to be "in forum"—that is, an area where local attorney's fees rates are comparable to those in Washington, D.C. *Id.* at 1349.

I have previously found that D. Lee Burdette, Esq. and his associate, Kelly Burdette, Esq., are entitled to the forum rate. *Ochoa v. Sec'y of Health & Human Servs.*, No. 16-627V, 2017 WL 6350600, at *4 (Fed. Cl. Spec. Mstr. Nov. 1, 2017). Petitioner requests the same rates for her counsel's work as I have previously awarded to the attorneys at Burdette Law: $400 per hour for Mr. Burdette, $275 per hour for Mrs. Burdette, and $100 per hour for paralegal-level work completed by either attorney. Fees App. at 3; *Ochoa*, 2017 WL 6350600, at *4. Consistent with my prior reasoning, I will award the rates requested.

After the appropriate hourly rate is determined, the special master must also consider the reasonableness of the total hours expended. *Sabella*, 86 Fed. Cl. at 205–06. This inquiry mandates consideration of the work performed on the matter, the skill and experience of the attorneys involved, and whether any waste or duplication of effort is evident. *Hensley*, 461 U.S. at 434, 437.

Petitioner submitted detailed billing records for both Mr. Burdette and Mrs. Burdette. *See* Fees App. Ex. 1 at 1–11. The entries are neither excessive nor duplicative, and I accordingly find the requested hours to be reasonable in light of the work performed. However, upon my review of the billing records, I noted minor calculation errors. Thus, while Petitioner requests reimbursement for 47.55 hours of Mr. Burdette's work, the submitted billing records support reimbursement for only 44.15 hours of his time ($17,660). Similarly, while Petitioner requests reimbursement for 2.85 hours of work by Mrs. Burdette, the corresponding records reflect only 2.5 hours of work ($687.50). The paralegal-rate work completed in this case totals 6.23 hours ($623). I will award the hours substantiated by records only.

As I otherwise find both the requested rates and the hours expended to be reasonable in light of counsel's experience and the work performed in this case, I will award the requested attorney's fees in full absent the above adjustments. This results in a sum of **$18,970.50**, a reduction of **$1,381.25**.

## II.     Costs Award

In addition to demonstrating that the requested attorney's fees are reasonable, Vaccine Program petitioners must also demonstrate the reasonableness of requested costs. *Perreira*, 27 Fed. Cl. at 34. Reasonable costs may include, *inter alia*, expenses incurred to obtain medical records, copying and postage costs, and expert costs. *Fester v. Sec'y of Health & Human Servs.*, No. 10-

3

243V, 2013 WL 5367670, at *8 (Fed. Cl. Spec. Mstr. Aug. 27, 2013).

Petitioner requests reimbursement of $6,958.97 for costs incurred in this matter. Fees App. at 3. Of this request, $5,000.00 was spent on the expert services of neurologist Daniel Adler, M.D., $66.88 was spent on postage, $400.00 covered the filing fee in this matter, and the remaining $1,492.09 was spent obtaining medical records. Fees App. Ex. 1 at 6–8. All requested costs have been appropriately substantiated with receipts, invoices, or other documentation. *See* Fees App. Ex. 2 at 1–9, filed Feb. 7, 2019 (ECF No. 29-2). The expenses related to medical records and postage seem reasonable. I will thus award the requested non-expert costs in full, in the amount of $1,958.97.

However, I find the costs related to Petitioner's expert, Dr. Adler, to be excessive. Given the lack of documentation supporting his requested sum, neither his hourly rate of $500 nor the number of hours he spent on this case can be deemed reasonable.

Dr. Adler's billing statement reflects a flat fee of $1,500 for his written report, though he does not indicate how much time he spent preparing the report. Fees App. Ex. 2 at 9. Special masters have previously concluded that experts should not be awarded flat rates in other contexts, such as for days spent travelling or at hearing. *See, e.g.*, *Zumwalt v. Sec'y of Health & Human Servs.*, No. 16-994V, 2018 WL 6975184, at *5 (Fed. Cl. Spec. Mstr. Nov. 27, 2018) (declining to award expert's "day rate" of $6,000 for two days of travel and one day spent in seven-hour hearing); *Bean-Sasser v. Sec'y of Health & Human Servs.*, No. 13-326V, 2017 WL 4385749, at *6 (Fed. Cl. Spec. Mstr. Sept. 8, 2017) (declining to award expert's flat rate when hearing day ended at 3:00 p.m.). Similarly, I find that a flat rate for an expert's written report is inappropriate—particularly when, as here, the report in question is less than three pages in length and contains one single paragraph of analysis. *See generally* Ex. 8, filed Jan. 31, 2018 (ECF No. 17-1) ("Adler Rep."). Moreover, while Dr. Adler's expertise as a neurologist could have been useful to the resolution of this matter, his report does nothing more than briefly summarize relevant medical records, confirm Petitioner's diagnosis of transverse myelitis (which was not in dispute), and summarily conclude that records indicating her onset began earlier than she had previously claimed were incorrect. *Id.* at 3. It is not apparent how, if at all, Dr. Adler employed his specialized knowledge as a neurologist in reaching this conclusion.

In addition to the $1,500 Dr. Adler charged for his written report, he billed $1,500 for three hours of chart review, $1,500 for three hours of telephone calls with Petitioner's counsel, and $500 for a one-hour call with Petitioner, implicitly employing a rate of $500 per hour for seven hours of work. Fees App. Ex. 2 at 9. While I find three hours of medical record review reasonable in light of the nature of this case, other filed documents belie the time Dr. Adler spent on telephone calls related to this case. The billing records submitted by Petitioner's counsel, which are detailed and thorough, reflect only one telephone call between counsel and Dr. Adler: a call on October 30,

4

2017, lasting thirty minutes. Fees App. Ex. 1 at 4. Additionally, Dr. Adler's expert report provides a more detailed overview of his work on this case than does his billing statement, and in it, he writes that he "called Margaret Spencer on December 15, 2017 at 6:25 p.m. EST. We spoke until 6:50 p.m. EST." Adler Rep. at 2. The report does not mention any other calls with Ms. Spencer. *See generally id.* It is thus apparent from Dr. Adler's own writings that he conferred with Petitioner via telephone for twenty-five minutes rather than one hour. In total, Dr. Adler appears to have spent fifty-five minutes (or 0.92 hours) conducting telephone conversations related to his work on this matter. His hours will be reduced accordingly.

I also cannot conclude that the rate charged by Dr. Adler for his work on this case is reasonable. A rate of $500 per hour falls at the high end of the range of rates awarded to Vaccine Program experts, and Petitioner has failed to demonstrate why Dr. Adler should be entitled to such a rate. Furthermore, as noted previously, his written report on this case was brief, and his conclusions did relatively little to help resolve the matter. Accordingly, I will reimburse his work at a rate of $400 per hour. Assuming that his report took three hours to prepare (as the $1,500 figure may represent three hours of work), I will award him $400 per hour for 6.92 hours of work, resulting in an award of $2,422 for Dr. Adler's services.

In total, I will award **$4,726.97** in costs, a reduction of **$2,232.00.**

## CONCLUSION

In light of my above reasoning and calculations, I **GRANT IN PART** Petitioner's Motion, and award a total of **$23,697.47** (reflecting $18,970.50 in fees and $4,726.97 in costs), as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. D. Lee Burdette. Esq.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of this decision.[3]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.